By the Court.
 

 Is mandamus the proper remedy in this case? The board of revision in its orders of July 25, 1939, September 28, 1939, and October 18, 1939, complied with Section 5601, General Code. This section provides as follows:
 

 “The county board of revision shall not decrease any valuation complained of, unless the party affected thereby, or his agent, makes and files with the board a written application therefor, verified by oath showing the facts upon which it is claimed such decrease or reduction should be made.”
 

 The board had before it the written applications of the complainants, the oil companies. Its order removing the structures, machinery and other equipment
 
 *10
 
 from the real estate duplicate was certified to respondent auditor and the duplicate accordingly corrected by him. Therefore, as to the year 1938, the right of the relator was governed by provisions of Sections 5609 and 5610, General Code. The pertinent portion of Section 5609 reads as follows:
 

 “Complaint against any valuation or assessment as the same appears upon the tax duplicate of the then current year, may be filed on or before the time limited for payment of taxes for the first half year, or at any time during which taxes are received by a county treasurer, without penalty for the first half year. Any taxpayer may file such complaint as to the valuation or assessment of his own or another’s real property, and the county commissioners, the prosecuting attorney, county treasurer, or any board of township trustees, any board of education, mayor or council of any municipal corporation, in the county shall have the right to file such complaint. ’ ’
 

 Section 5610, General Code, provides in part as follows :
 

 “An appeal from the decision of a county board of revision may be taken to the Board of Tax Appeals by the county auditor or any of the persons or public officials authorized by Section 5609 of the General Code of Ohio to file complaints against valuations or assessments with the county auditor.”
 

 Within the limitations as to time prescribed by this section, the relator might have appealed. It is stipulated, however, that no such appeal was prosecuted.
 

 The. action of the board of revision in restoring such structures, machinery and equipment to the general real estate duplicate made April 4, 1940. resulted in an increase in valuation, and must be made in compliance with Section 5599, General Code. The provisions of this section require that notice be given to the person in whose name the property is listed and an opportunity afforded him to be heard. The record
 
 *11
 
 of this meeting- does not show notice to- the parties, and the decision therefore was not valid and binding on the parties. It is claimed by the respondent that the board of revision had no power at all to reverse itself. However, if it did have such power, it was not authorized to raise valuations at will without notice to the owner of the property. Consequently the order of April 4 was a nullity and of no binding- or controlling effect upon the auditor.
 

 The relator, the prosecuting attorney, was authorized by Section 5610, General Code, to appeal from the action of the board of revision wherein it approved the reduced valuation of the properties of the oil companies on the real estate tax list and duplicate for 1939. The record does not show that he objected thereto or availed himself of his statutory right of appeal, which was his adequate remedy at law.
 

 The judgment of the Court of Appeals is therefore affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Turner, Williams, Matthias and Hart, JJ., concur.
 

 Zimmerman and Bettman, JJ., not participating.